1  JAMES V. FAZIO, III (CSB NO. 183353)
   jamesfazio@sandiegoiplaw.com
2  TREVOR Q. CODDINGTON, PH.D. (CSB NO. 243042)
   trevorcoddington@sandiegoiplaw.com
3  DAVID M. BECKWITH (CSB NO. 125130)
   davidbeckwith@sandieogiplaw.com
4  SAN DIEGO IP LAW GROUP LLP
   12526 High Bluff Drive, Suite 300
5  San Diego, CA 92130
   Telephone: (858) 792-3446
6  Facsimile: (858) 792-3501

7  Attorneys for Plaintiff,
   PATHWAY INNOVATIONS AND TECHNOLOGIES, INC.

8                    UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11
   PATHWAY INNOVATIONS AND          CASE NO. '17CV312  BAS BLM
12 TECHNOLOGIES, INC., a California
   corporation,                     COMPLAINT FOR PATENT
13                                   INFRINGEMENT
                Plaintiff,
14                                   DEMAND FOR JURY TRIAL
         vs.
15
   IPEVO, INC.; a California corporation; and
16 DOES 1 through 10, inclusive,

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

                          **COMPLAINT**

Plaintiff Pathway Innovations and Technologies, Inc. ("Pathway") hereby complains of Defendant IPEVO, Inc., and DOES 1 through 10 (collectively, "IPEVO"), and alleges as follows:

**NATURE OF THE ACTION**

1.       This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*

**THE PARTIES**

2.       Pathway is a California corporation with its principal place of business located at 10211 Pacific Mesa Boulevard, Suite 412, San Diego, California 92121.

3.       Formed in 2009, Pathway is a privately-held company based in San Diego, California that designs, develops and sells innovative electronic products that enhance learning, improve communication, and help people save time.  Pathway does business as Hovercam® (www.thehovercam.com) and is the designer and manufacturer of HoverCam branded software and document cameras that combine the features of a digital camera and a scanner into easy-to-use visual presenters.  Pathway's innovative products are especially useful in educational settings.  For example, a HoverCam document camera (shown right) "hovers" over a desk unobtrusively and is used by educators to capture, manipulate and present seamless video of documents and objects to students in real-time.



4.       Traditional scanners are too slow for the classroom and conventional cameras lack sufficient resolution, zoom and annotation capabilities, and other functions needed for an optimal learning environment.  However, a HoverCam document camera captures, digitizes and displays documents immediately at an incredibly high resolution of up to thirteen (13) megapixels, which is about six (6) times the resolution of a typical high-definition (HD) television.  Moreover, HoverCam users can manipulate, annotate, zoom and resize documents and video without any loss in resolution, and can record and playback seamless video at a remarkable thirty (30) frames per second.  HoverCam document cameras have won numerous awards and are presently used in

**COMPLAINT**

over 200,000 classrooms around the world.

5. Pathway is informed and believes and based thereon alleges that Defendant IPEVO is an corporation organized and existing under the laws of the State of California with its principal place of business located at 440 North Wolfe Road, Sunnyvale, California 94085. On information and belief, IPEVO may be served via its registered agent for service of process Royce Hong, 3405 Thomas Drive, Palo Alto, California 94085.

6. Pathway is ignorant of the true names and capacities of the parties sued herein as DOES 1 through 10, inclusive, whether individual, corporate or otherwise, and therefore sues these defendants by such fictitious names. Pathway will seek leave to amend the complaint to assert their true names when they have been ascertained. Pathway is informed and believes and based thereon alleges that all defendants sued herein as DOES 1 through 10 are in some manner responsible for the acts and omissions alleged herein.

## JURISDICTION AND VENUE

7. This Court has original and exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over IPEVO because it regularly conducts business and/or solicits business in California and within this District; because IPEVO engages in other courses of conduct and derives revenue from products provided to residents of California and this District as well as substantial revenue from interstate and international commerce; because IPEVO has purposefully established substantial, systematic and continuous contacts with California and this District and should reasonably expect to be haled into court in this District; and because IPEVO has committed and continues to commit acts of patent infringement in California and this District in violation of 35 U.S.C. § 271, and by placing infringing products into the stream of commerce with the knowledge or understanding that such products are sold in the State of California, including in this District. The acts by IPEVO cause injury to Pathway within this District.

9. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because IPEVO has regularly transacted business in California and within this District and offers for sale

in this District products that infringe Pathway's patents, because certain of the acts complained of herein occurred in California and within this District, because IPEVO derives and seeks to derive revenue from sales of infringing products sold in California and within this District, and because IPEVO is subject to personal jurisdiction in this District. In addition, venue is proper because Pathway's principal place of business is in this District and Pathway suffered harm in this district.

**GENERAL ALLEGATIONS**

10.     On August 13, 2013, the PTO duly and lawfully issued U.S. Patent No. 8,508,751, entitled "Capturing Real-Time Video With Zooming Capability and Scanning High Resolution Still Images of Documents Using the Same Apparatus" ("the '751 patent"). Pathway is the owner by assignment of the '751 patent, a copy of which is attached hereto as Exhibit A.

11.     Pathway is informed and believes and based thereon alleges that IPEVO makes, uses, sells, offers for sale, imports, and/or sells after importation into the United States document cameras and visual presentation equipment and software for use therewith that infringe one or more claims of the '751 patent, including without limitation IPEVO's iZiggi-HD Wireless Document Camera, VZ-1 HD VGA/USB Dual-Model Document Camera, Ziggi-HD Plus High-Definition USB Document Camera, Point 2 View (P2V) USB Document Camera, and IPEVO's Presenter software and/or IPEVO's Annotator software for use therewith (collectively, the "Accused Products").

**CLAIM FOR RELIEF**

**(Infringement of U.S. Patent No. 8,508,751)**

12.     Pathway repeats, realleges and incorporates by reference the preceding allegations above as though set forth fully herein.

13.     IPEVO, by and through its agents, officers, directors, employees and servants, has been and is currently willfully and intentionally infringing one or more claims of the '751 patent by (a) making, using, offering to sell, selling in the United States, importing into the United States, and/or selling after importation into the United States one or more Accused Products; (b) actively inducing direct infringement of the '751 patent by instructing users in the Ziggi-HD Plus USB Document Camera User Manual and elsewhere how to download IPEVO's Presenter and/or

-3-

Annotator software and use the Presenter and/or Annotator software to perform digital zoom in video and other functions that infringe the '751 patent; and/or (c) importing, offering to sell, or selling the Accused Products, knowing such products to be especially made or adapted for use in infringing the '751 patent and not staple articles or commodities suitable for substantial noninfringing use. IPEVO's acts constitute infringement of the '751 patent in violation of 35 U.S.C. §271. Pathway is further informed and believes and thereon alleges that IPEVO's infringement is willful and that IPEVO has willfully copied Pathway's products.

14. Pathway is further informed and believes and based thereon alleges that if and to the extent IPEVO is not infringing directly, IPEVO is infringing indirectly by contributing to and/or inducing direct infringers, including without limitation IPEVO's distributors, retailers, resellers, end users, and/or customers, to infringe the '751 patent, such as by instructing users in the Ziggi-HD Plus USB Document Camera User Manual, website and elsewhere how to download IPEVO's Presenter and/or Annotator software and use the Presenter and/or Annotator software to perform digital zoom in video and other functions that infringe the '751 patent.

15. Pathway is further informed and believes and based thereon alleges that IPEVO is knowingly inducing direct infringement and has the specific intent to encourage its distributors, retailers, resellers, end users and/or customers to directly infringe the '751 patent by (among other things) designing, developing and selling products, including without limitation the Accused Products, and instructing its distributors, resellers, retailers, end users and/or customers how to use IPEVO's Presenter and/or Annotator software for the purpose of performing real-time image and video capturing and recording with zooming and high-resolution scanning capabilities, and/or by making, using, selling, importing and offering to sell the Accused Products that perform real-time image and video capturing and recording with zooming and high-resolution scanning capabilities. Pathway is further informed and believes and based thereon alleges that the Accused Products are each a material component of Pathway's patented methods and/or systems and that the Accused Products are not capable of substantial non-infringing use.

16. Pathway is informed and believes and based thereon alleges that IPEVO's infringement of the '751 patent will continue unless enjoined by this Court.

17.     Pathway is informed and believes and based thereon alleges that IPEVO became aware of the subject matter of the '751 patent at least as of the filing date of this lawsuit and possibly sooner.

18.     IPEVO's infringement of the '751 patent provides IPEVO with unique functionality for its products that was the result of Pathway's innovation, not IPEVO's.  IPEVO has not obtained permission from Pathway to use its inventions in the '751 patent.

19.     By reason of the aforesaid infringing acts, Pathway has been damaged and is entitled to monetary relief in an amount to be determined at trial but in excess of the jurisdictional requirement of this Court.

20.     Because of the aforesaid infringing acts, Pathway has suffered and continues to suffer great and irreparable injury for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Pathway prays for judgment against IPEVO as follows:

(a)     An Order adjudging IPEVO to have infringed the '751 patent under 35 U.S.C. § 271;

(b)     An Order adjudging IPEVO to have willfully infringed the '751 patent under 35 U.S.C. § 271;

(c)     A permanent injunction under 35 U.S.C. § 283 enjoining IPEVO, its officers, directors, agents, servants, employees and attorneys, and those persons acting in concert or participation with IPEVO, from directly and/or indirectly infringing the '751 patent in violation of 35 U.S.C. § 271;

(d)     That IPEVO account for all damages by its infringement of the '751 patent in violation of 35 U.S.C. § 271, and that IPEVO pay to Pathway all damages suffered by Pathway;

(e)     An order for a trebling of damages and/or enhanced damages due to IPEVO's willful misconduct under 35 U.S.C. § 284;

(f)     An Order adjudicating that this is an exceptional case;

(g)     An award to Pathway of the attorneys' fees and costs incurred by Pathway in connection with this action under 35 U.S.C. § 285;

COMPLAINT

1     (h)     An award of pre-judgment and post-judgment interest and costs of this action

2  against IPEVO; and

3     (i)     For such other and further relief as the Court deems just and proper.

4  Dated:  February 16, 2017          SAN DIEGO IP LAW GROUP LLP

5

6                                     By: /s/James V. Fazio, III

7                                         JAMES V. FAZIO, III
                                          TREVOR Q. CODDINGTON, PH.D.

8                                     Attorneys for Plaintiff,
                                      PATHWAY INNOVATIONS AND TECHNOLOGIES,
9                                     INC.

10

11                          **<u>DEMAND FOR JURY TRIAL</u>**

12        Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Pathway

13  Innovations and Technologies, Inc. hereby demands a trial by jury of all issues so triable.

14  Dated:  February 16, 2017          SAN DIEGO IP LAW GROUP LLP

15

16                                     By:  /s/James V. Fazio, III

17                                         JAMES V. FAZIO, III
                                          TREVOR Q. CODDINGTON, PH.D.

18                                     Attorneys for Plaintiff,
                                      PATHWAY INNOVATIONS AND TECHNOLOGIES,
19                                     INC.

20

21

22

23

24

25

26

27

28

**COMPLAINT**