UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATHWAY INNOVATIONS AND TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>IPEVO INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 17-CV-312-CAB-BLM<br><br>**ORDER DENYING MOTION FOR EXCEPTIONAL CASE FINDING**<br><br>[Doc. No. 42] |

This matter is before the Court on Defendant IPEVO, Inc.'s motion for an exceptional case finding under 35 U.S.C. § 285. The motion has been fully briefed, and the Court deems it suitable for submission without oral argument. The motion is denied.

**I.    Background**

Plaintiff Pathway Innovations and Technologies, Inc. ("Pathway") filed this lawsuit on February 16, 2017, asserting one claim for infringement of U.S. Patent No. 8,508,751. [Doc. No. 1.] IPEVO first appeared on April 7, 2020, by filing a motion to stay the case pursuant to 28 U.S.C. § 1659(a) pending final determination in a proceeding involving IPEVO and Pathway before the United States International Trade Commission ("ITC").

[Doc. No. 8.] On April 17, 2017, Pathway filed a notice of non-opposition to the motion to stay [Doc. No. 11], and on the following day, the Court stayed and administratively closed the case. [Doc. No. 12.]

The ITC proceeding terminated on December 14, 2017, but with its notice to the Court of that termination, Pathway asked for the stay to continue until the Patent Trial and Appeal Board ("PTAB") decided whether to institute *inter partes* review ("IPR") of the '751 Patent. [Doc. No. 14.] The Court granted Pathway's request and ordered that the stay would remain in place. [Doc. No. 15.] The PTAB instituted IPR, and the stay remained in place for two more years, with no activity on this case other than joint status reports from the parties on the progress of the IPR proceeding [Doc. Nos. 17, 19, 21], followed by orders maintaining the stay [Doc. Nos. 18, 20, 22.]

Finally, almost three years after the case was filed, and with no notice of the final outcome of the IPR proceeding, IPEVO filed an answer to the complaint on December 16, 2019. [Doc. No. 23.] On January 3, 2020, in response to a court order, the parties filed a status report indicating that Pathway had offered to dismiss this case with prejudice, with each side to bear their own fees and costs, and that IPEVO had rejected that offer and intended to seek attorney's fees pursuant to 35 U.S.C. § 285. [Doc. No. 27.] A day later, Pathway filed a motion for voluntary dismissal without prejudice, with each party to bear its own fees and costs. [Doc. No. 28.] IPEVO opposed the motion, arguing that the Court should dismiss the complaint with prejudice. [Doc. No. 31.] On February 13, 2020, the Court dismissed the case with prejudice and gave IPEVO until March 13, 2020, to file a motion for an exceptional case finding under section 285. [Doc. No. 40.] IPEVO's motion is now before the Court.

## II.     Exceptional Case Finding Under 35 U.S.C. § 285

With its motion, IPEVO seeks its attorney fees pursuant to 35 U.S.C. § 285. Section 285 states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Thus, to award fees, the Court must find both that IPEVO was the prevailing party and that this case was exceptional. There is no dispute

that IPEVO was the prevailing party. The only question is whether this case was exceptional.

"[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014); *see also Highmark Inc. v. Allcare Health Mgmt. Sys.*, 572 U.S. 559, 563 (2014) ("[T]he determination of whether a case is 'exceptional' under § 285 is a matter of discretion."). "[I]t is the 'substantive *strength* of the party's litigating position' that is relevant to an exceptional case determination, not the *correctness* or eventual success of that position. . . . A party's position on issues of law ultimately need not be correct for them to not 'stand[] out,' or be found reasonable." *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015) (*emphasis* in original) (quoting *Octane Fitness*, 572 U.S. at 554).

Factors relevant to this analysis include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Octane Fitness*, 572 U.S. at 554 n.6 (citation omitted). "[T]he amount of the attorney fees depends on the extent to which the case is exceptional. In other words, the exceptionality determination highly influences the award setting." *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1344 (Fed. Cir. 2001). Ultimately, "the aim of § 285 is to compensate a defendant for attorneys' fees it should not have been forced to incur." *Kilopass Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302, 1313 (Fed. Cir. 2013).

Here, as recounted above, this case was not actually litigated in this forum. Pathway merely filed a complaint, sought a stay, and then sought dismissal based on the outcome of the proceedings before the ITC and PTAB, which were the forums where the case was truly litigated. The complaint in effect served as little more than a placeholder. Thus, with its

motion, IPEVO is asking the Court to consider the substantive strength of Pathway's infringement case for the first time. Yet the Supreme Court justified the abuse of discretion standard of review for section 285 determinations on the grounds "the district court is better positioned to decide whether a case is exceptional, because it lives with the case over a prolonged period of time." *Highmark*, 572 U.S. at 564 (internal quotation marks and citation omitted). Arguably, any case where the district court has not lived with the case at all and is in no better position to review records of administrative proceedings than an appellate court cannot be deemed exceptional precisely because the district court record is devoid of information to support such a finding. Regardless, based on the record in this case and the briefing on the instant motion, IPEVO has not convinced the Court by a preponderance of the evidence that the substantive strength of Pathway's litigating position stands out from others. Further, the manner in which Pathway litigated this lawsuit—agreeing to a stay while proceedings before the ITC and PTAB were ongoing, and then dismissing the case based on the outcome of those proceedings—was not unreasonable. Accordingly, this case is not exceptional under section 285.

Ultimately, it appears that all, or almost all, of the attorney fees IPEVO incurred in this federal lawsuit are the result of its current effort to obtain fees for proceedings before the ITC and the PTAB. In other words, IPEVO did not incur significant attorneys' fees *as a result of this federal lawsuit* that it would not otherwise have incurred in light of the ITC proceeding, meaning the aim of section 285 has been served. *See Kilopass Tech.*, 738 F.3d at 1313. Thus, even if this case is exceptional as a result of Pathway's litigating positions before the ITC and PTAB, the Court would exercise its discretion to decline to award IPEVO any attorney fees. *Cf. Special Devices*, 269 F.3d at 1344 ("[T]he amount of attorney fees awarded may be zero, even though the case is exceptional.").

4

17-CV-312-CAB-BLM

### III. Conclusion

For the foregoing reasons, the Court does not find this case to be exceptional under 35 U.S.C. § 285, and declines to award IPEVO any attorney fees. Accordingly, IPEVO's motion is **DENIED.**

It is **SO ORDERED**.

Dated: April 24, 2020

Hon. Cathy Ann Bencivengo
United States District Judge